NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3423
_____

UNITED STATES OF AMERICA

v.

LEONARD NIIMOI,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-07-cr-00481-001)
District Judge:  Honorable William H. Walls
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 13, 2016

Before:  AMBRO, JORDAN, and GREENBERG, *Circuit Judges*.

(Filed: June 23, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Leonard Niimoi appeals from the sentence imposed by the United States District Court for the District of New Jersey for violating the terms of his supervised release. For the reasons that follow, we will affirm.

I.    **Background**

In 2007, Niimoi pleaded guilty to a one-count information for conspiracy to possess, with intent to distribute, over 100 grams of heroin, in violation of 21 U.S.C. § 846. He was sentenced to 188 months' imprisonment followed by a four-year period of supervised release. After he successfully pursued a motion for collateral relief under 28 U.S.C. § 2255, that sentence was reduced to 95 months' imprisonment followed by three years of supervised release. Niimoi was released from custody and began his period of supervised release on November 27, 2013. Less than five months later, in April 2014, he was arrested by the Newark Police Department and charged with four drug-related offenses based on his possession, with intent to distribute, of 12.5 grams of heroin within 1,000 feet of a school and 500 feet of a park or recreation center.

Upon his release from state custody, Niimoi alerted the U.S. Probation Office of his arrest. The Probation Office filed a Petition for Summons alleging that Niimoi had committed a Grade A violation of his mandatory supervisory condition that he "not commit another federal, state, or local crime." (App. at 10.) The District Court issued the summons and scheduled a hearing, which was ultimately held in September 2015. Meanwhile, Niimoi pleaded guilty in state court to the underlying drug charges. At the

2

time of the September hearing in federal court, he was awaiting sentencing by the state court, where he faced a potential sentence of up to three years' imprisonment with one year of parole ineligibility. Niimoi admitted at the September hearing that he had violated his supervised release by committing another crime. The District Court thus immediately turned to sentencing.

The Court discussed with Niimoi his background, his education, his original conviction, and the fact that he had secured gainful employment in the time since the April 2014 arrest. Niimoi said that his risk of future recidivism was minimal, in light of his new job and support from his family, including his fiancé. The government correctly advised the Court that the advisory guidelines range for Niimoi was 33 to 41 months, limited by a statutory maximum of 36 months. It requested a sentence of 18 to 24 months with no period of supervision. The Court imposed a sentence of 24 months' imprisonment, to be served concurrently with, but not limited to, any state court sentence arising from the relevant arrest, as well as two years of supervised release.[1] Niimoi then requested that the Court reconsider the term of supervised released in light of the likelihood that he would be simultaneously supervised by the state parole system. That request was denied. This timely appeal followed.

---

[1] Despite the statement at the conclusion of the hearing that Niimoi's sentence included three years of supervised release, the term of supervised release in the Court's Order was only two years.

**II.    Discussion**[2]

Niimoi argues that he should be granted a resentencing because the sentence he received is more severe than necessary to satisfy the goals established by 18 U.S.C. § 3553(a).  Although not clearly stated, he appears to challenge both the procedural and substantive reasonableness of his sentence.  We review both of those aspects of the District Court's sentencing decision for abuse of discretion.  *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc).

**A.    Procedural Reasonableness**

When reviewing a sentence, we "first ensure that the district court committed no significant procedural error in arriving at its decision … ."  *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).  Such errors can include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence … ."  *Id.* (internal quotation marks omitted).  Niimoi's principal claim of error is that the District Court, in determining his sentence, "[f]ocus[ed] almost exclusively on the punitive aspect of sentencing," and did so "at the expense of other equally important [§ 3553(a)] sentencing factors."  (Opening Br. at 7, 16.)

For a sentence following revocation of supervised release to be procedurally reasonable, "the record must demonstrate that the … court gave meaningful consideration

---

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e).  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and review Niimoi's sentence pursuant to 18 U.S.C. § 3742(a).

to" the § 3553(a) factors. [3] *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). The District Court need not, however, "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* (internal quotation marks omitted).

It is undisputed that, as Niimoi claims, the District Court made numerous references to the need to punish him. However, the Court's comments throughout the sentencing indicate that it gave meaningful consideration to all of the relevant § 3553(a) factors. The District Court acknowledged Niimoi's criminal history, and lamented that he was before the Court again for another drug-related offense. (App. at 23.) It discussed Niimoi's background and character. (App. at 31.) It considered the nature of the offense and found it "paramount" among the sentencing factors. (App. at 30.) It addressed Niimoi's breach of the Court's trust, especially in light of the immediacy of his recidivism, noting that he "continue[d] to commit crime willingly and knowingly" and did so "hardly before [he was] able to freely walk … from custody for the charge [for which the Court] originally put [him] in jail." (App. at 30.) The Court addressed the need to provide adequate deterrence and the need to protect the public. (A30.) Finally, the Court addressed Niimoi's "hope for rehabilitation," albeit with the conclusion that the

---

[3] In the revocation context, the statute specifically instructs courts to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). The factors require that a sentencing judge consider the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from the defendant, the need to rehabilitate the defendant, the appropriate advisory guidelines range, pertinent policy statements, the need to avoid sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

5

factor was of "secondary importance" relative to the other goals of sentencing. (App. at 31).

Niimoi complains that the "court never specifically acknowledged that it was addressing" the necessary factors under § 3553(a). (Reply Br. at 5.) But, even if true, that is irrelevant. The District Court was not required to name and address each factor, *Bungar*, 478 F.3d at 543, and the Court's analysis makes clear that it was aware of, and considered, the relevant factors. That, taken together with its correct calculation and application of the advisory guidelines range[4] and detailed explanation of the reasons for the sentence, confirms that the sentencing procedure did not constitute an abuse of discretion, but rather was entirely reasonable.

B.    **Substantive Reasonableness**

Niimoi also contends that his sentence is substantively unreasonable. His burden under this inquiry is steep, as we will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Here, again, Niimoi's core argument is that the Court focused inappropriately on the need to punish him, and that the result was a sentence that exceeded what was necessary to meet the sentencing goals of § 3553(a). He claims that this is especially true in light of what he describes as his rehabilitation, having secured honest work and stayed out of trouble in the time between his April 2014 arrest and September 2015 sentencing.

---

[4] The Court initially misstated the maximum sentence, but relied on the correct guidelines range of 33 to 41 months and the correct statutory maximum of 36 months.

We disagree. The District Court's sentence of 24 months' imprisonment was significantly below the Guidelines range of 33 to 41 months, and a full year below the statutory maximum. While this does not make the sentence *per se* reasonable, it undermines the contention that it was too harsh. *Cf. Gall v. United States*, 552 U.S. 38, 49 (2007) (holding that guidelines are not entitled to a presumption of reasonableness, but also describing them as the "starting point and the initial benchmark" for determining an appropriate sentence). Moreover, the federal sentence was set to run concurrently with Niimoi's confinement on state charges for the April 2014 arrest, further limiting the total time of imprisonment that he would face. But, says Niimoi, the imposition of supervised release following his imprisonment contributes to the unreasonableness of the sentence, especially given that he would already be supervised by the state parole system. The Court considered the likelihood of state supervision but was clear in concluding that, in light of Niimoi's background and history as a chronic offender, he needed federal supervision. The imposition of this second layer of supervision does not push his sentence into the realm of substantive unreasonableness. Indeed, our Court has confirmed far greater impositions on liberty as substantively reasonable. *See, e.g.*, *United States v. Dees*, 467 F.3d 847 (3d Cir. 2006) (finding substantively reasonable a revocation of supervised release sentence of 72 months, despite the fact that it was 21 months more than the defendant's original sentence and nearly triple the top of the guidelines range, in light of defendant's violation of his supervised release soon after his release from prison).

Finally, regarding Niimoi's contention that the Court reached a substantively unreasonable sentence because it was blinded by its desire to punish him, the very objective of sentencing following a revocation of supervised release is to "sanction the defendant's breach of trust ... ." *Bungar*, 478 F.3d at 544. That the District Court placed a somewhat greater emphasis on such sanction was not an abuse of its discretion, and does not render the sentence substantively unreasonable. In short, the sentence Niimoi received was entirely reasonable.

III.    **Conclusion**

For the foregoing reasons, we will affirm the sentence imposed by the District Court.